[Cite as *State v. Miller*, 2019-Ohio-4275.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHADWICK MILLER | : | Case No. 2019CA00046 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 2017CR0975


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               October 15, 2019


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOHN D. FERRERO                         CHADWICK MILLER, PRO SE
Prosecuting Attorney                    6421 Groton Street, NW
                                        Apt. G1
By: RONALD MARK CALDWELL                Canton, OH  44708
110 Central Plaza, South
Suite 510
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Chadwick Miller, appeals the February 27, 2019 judgment entry of the Court of Common Pleas of Stark County, Ohio, denying his petition for postconviction relief.  Plaintiff-Appellee is state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 17, 2017, the Stark County Grand Jury indicted appellant on one count of carrying a concealed weapon in violation of R.C. 2923.12 and one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16.   On November 20, 2017, appellant pled guilty to the handling count, and the concealed count was dismissed.  By judgment entry filed November 28, 2017, the trial court accepted appellant's guilty plea and convicted him of said charge.  By judgment entry filed January 5, 2018, the trial court sentenced appellant to three years of community control.  Appellant did not appeal his conviction or sentence.

{¶ 3}   On January 31, 2019, appellant filed a petition for postconviction relief, claiming ineffective assistance of counsel and his plea was not knowingly, voluntarily, and intelligently made.  By judgment entry filed February 27, 2019, the trial court denied the petition, finding sufficient operative facts were not presented to support appellant's arguments and/or establish prejudice.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S POST-CONVICTION PETITION WHEN HE PRESENTED SUFFICIENT OPERATIVE FACTS TO MERIT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING."

I

{¶ 6} In his sole assignment of error, appellant claims the trial court erred in denying his petition for postconviction relief or, at a minimum, afford him an evidentiary hearing. We disagree.

{¶ 7} R.C. 2953.21 governs petition for postconviction relief. Subsection (D) states the following in pertinent part:

Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶ 8} In *State v. Jackson,* 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980), the Supreme Court of Ohio held the following:

Before a hearing is granted, the petitioner bears the initial burden in a post-conviction proceeding to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and also that the defense was prejudiced by counsel's ineffectiveness.

Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See *Rivera v. United States* (C.A. 9, 1963), 318 F.2d 606.

{¶ 9} In its judgment entry filed February 27, 2019, the trial court denied appellant a hearing, stating the following:

R.C. 2953.21(C) permits dismissal of a petition for post-conviction relief "without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." Here, Defendant-Petitioner's affidavit has not alleged sufficient operative facts that would entitle Defendant-Petitioner to an evidentiary hearing. (Citation omitted.)

{¶ 10} Based upon our review of appellant's arguments, affidavit, and documents in support of his petition for postconviction relief, we find the trial court did not err in failing to hold an evidentiary hearing.

{¶ 11} In his petition, appellant claimed his rights were violated due to ineffective assistance of trial counsel causing him to enter a guilty plea which was not knowingly, voluntarily, and intelligently made. At no time did appellant file a Crim.R. 32.1 motion to withdraw his guilty plea.

{¶ 12} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

> 3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 13} As explained by our colleagues from the Eighth District in *State v. Williams,* 8th Dist. Cuyahoga No. 100459, ¶ 11:

A defendant who pleads guilty waives all appealable issues, including the right to assert an ineffective assistance of counsel claim, except the defendant may claim ineffective assistance of counsel on the basis that the counsel's deficient performance caused the plea to be less than knowing, intelligent, and voluntary. In such cases, a defendant can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. (Citations omitted.)

{¶ 14} Appellant argued his trial counsel failed to file a motion to suppress, declined to take the case to trial, refused to subpoena witnesses including the FBI, and failed to advise him of his appeal rights.

{¶ 15} In its judgment entry filed February 27, 2019, the trial court denied appellant's petition, stating the following:

Petitioner provides this Court with a conclusory assertion that his counsel should have filed a motion to suppress. He fails to articulate what specific evidence he believes should have been suppressed, or on what basis such a motion should have been made. He gives this Court no reason whatsoever to suspect that such a motion would have been successful.

"Failure to file a motion to suppress constitutes ineffective assistance of counsel only if, based on the record, the motion would have been granted." Petitioner has not presented any evidence that such a motion would have been granted, and thus, has failed to demonstrate that he was prejudiced by the alleged ineffective assistance.

The Court concludes that the petition and the files and records of the case show that Defendant-Petitioner is not entitled to relief. *See* R.C. 2953.21(E). Specifically, Defendant-Petitioner has not submitted "evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness." (Citations omitted.)

{¶ 16} The trial court noted appellant signed a Crim.R. 11 plea form on November 20, 2017, wherein he acknowledged he understood he had the "right to appeal a maximum prison term or if the sentence is contrary to law, and that any appeal must be filed within 30 days of my sentence." Appellant was not sentenced to a prison term, but was sentenced to three years of community control. Appellant also acknowledged that he understood he was waiving his right to a trial and his right to subpoena witnesses in his favor, and his counsel "has effectively and diligently represented me."

{¶ 17} A review of appellant's petition indicates he did not assert what he wanted suppressed, what the grounds would have been for the suppression motion, and what facts would have supported the motion. Appellant did not specify what witnesses his counsel refused to subpoena and what their proposed testimony would have been.

Appellant retained his own counsel and at no time prior to plea and sentence did appellant request new counsel because his counsel declined to take the case to trial. During the plea hearing, appellant acknowledged that he understood his right to have the case tried and he understood he was waiving that right. November 20, 2017 T. at 6-7. He agreed his counsel handled his case "in a conscientious and diligent fashion." *Id.* at 10. Appellant did not present substantive grounds for relief.

{¶ 18} Upon review, we find the trial court did not err in not holding an evidentiary hearing and in denying appellant's petition for postconviction relief.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.