[Cite as *State v. Hunter*, 2021-Ohio-1424.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. CT2020-0042 |
| TEDDIE HUNTER | |
| Defendant-Appellant | O P I N IO N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2020-0089 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 22, 2021 |
| APPEARANCES: | |

For Plaintiff-Appellee

RONALD L. WELCH
Prosecuting Attorney
Muskingum County, Ohio

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701

For Defendant-Appellant

JAMES A. ANZELMO
446 Howland Drive
Gahanna, Ohio 43230

*Hoffman, J.*

**{¶1}** Defendant-appellant Teddie Hunter appeals the judgment entered by the Muskingum County Common Pleas Court convicting him of burglary (R.C. 2911.12(A)(1)) and sentencing him to a term of incarceration of eight to twelve years. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 2, 2020, Muskingum County Sheriff's deputies were dispatched to 16 Gaslight Lane in Zanesville, Ohio. Upon arriving at the residence, Charles Perry and Laura Kronbitter, who resided at the home with their infant son, reported a naked man attempted to force himself into their home. Perry and Kronbitter told police the naked man said he was afraid because someone was trying to kill him. Perry stated the man tried to force his way into the home with a PVC pipe, and tried to hit Perry with the pipe by using the pipe as a spear. The man forced his foot inside the residence, preventing Perry from closing the door. While Kronbitter called the police, Perry managed to force the man outside.

**{¶3}** Police located a naked man, later identified as Appellant, at 15 Gaslight Lane. Appellant admitted to using methamphetamine, and methamphetamine was found in his system.

**{¶4}** Appellant was charged with one count of aggravated burglary with a repeat violent offender specification. Pursuant to a negotiated plea, the State amended the charge to one count of burglary, in exchange for Appellant's plea of guilty to the charge. Following a presentence investigation, Appellant was sentenced to eight to twelve years incarceration. It is from the August 17, 2020 judgment of the Muskingum County Common Pleas Court Appellant prosecutes his appeal, assigning as error:

I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. TEDDIE HUNTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT ERRED WHEN IT SENTENCED HUNTER TO A MAXIMUM TERM OF INCARCERATION, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE OHIO CONSTITUTION.

IV. THE TRIAL COURT ERRED BY ORDERING HUNTER TO PAY COURT COSTS.

I., II.

{¶5} Appellant was sentenced pursuant to the Reagan Tokes Act, as codified by R.C. 2967.271. In his first assignment of error, he argues the presumptive release provisions of the Act are unconstitutional. In his second assignment of error, he argues his trial counsel was ineffective for failing to raise a constitutional challenge to the Act in the trial court. For the reasons stated in *State v. Downard*, 5th Dist. Muskingum No.

CT2019-0079, 2020-Ohio-4227, *appeal allowed,* 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152, Appellant's first and second assignments of error are overruled.

### III.

**{¶6}** In his third assignment of error, Appellant argues the trial court erred in imposing the maximum sentence. He argues he expressed remorse for his actions, and he was hallucinating on methamphetamine at the time of the incident. He argues he did not completely enter the residence, and only broke the door of the home with the PVC pipe because his foot was caught in the door.

**{¶7}** We review felony sentences using the standard of review set forth in R.C. 2953.08(G)(2), which provides in pertinent part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶8}** A trial court's imposition of a maximum prison term is not contrary to law as long as the court sentences the offender within the statutory range for the offense, and in so doing, considers the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Kinser*, 5th Dist. Muskingum No. CT2019-0089, 2020-Ohio-3881, ¶ 10, *citing State v. Santos*, 8th Dist. Cuyahoga No. 103964, 2016-Ohio-5845, ¶ 12. Although a trial court must consider the factors in R.C. 2929.11 and 2929.12, there is no requirement the court state its reasons for imposing a maximum sentence, or for imposing a particular sentence within the statutory range. *Id.* R.C. 2929.12 does not require the trial court to state on the record it has considered the statutory criteria concerning seriousness and recidivism. *State v. Hayes*, 5th Dist. Knox No. 18CA10, 2019-Ohio-1629, ¶49.

**{¶9}** The trial court stated in its sentencing entry it had considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court stated at the sentencing hearing it had reviewed the presentence investigation. The court noted Appellant had an extensive criminal history, including convictions for robbery in 2013 and 2010, receiving stolen property and forgery in 2009, theft of checks and forgery in 2006, two counts of forgery in 2003, and receiving stolen property in 1998. Appellant was sentenced to seven years in prison for robbery in 2013, and was released on January 6, 2020, less than a

month before the commission of the instant offense. He was on post-release control at the time of this offense. Further, the trial court noted during his most recent term in prison, Appellant used marijuana "pretty consistently," and had been caught with Suboxone and "two gallons of hooch" in his possession. Sent. Tr. 11. The trial court also noted while serving time in a halfway house, Appellant was found with a concealed bag of urine during a drug test.

{¶10} Based on the foregoing, we find the trial court considered the purposes and principles of sentencing (R.C. 2929.11) as well as the factors the court must consider when determining an appropriate sentence. (R.C. 2929.12). Although not required to do so, the trial court set forth its reasons for the maximum sentence on the record. While Appellant may disagree with the weight given to these factors by the trial judge, Appellant's sentence was within the applicable statutory range, and we find no basis for concluding the sentence is contrary to law.

{¶11} The third assignment of error is overruled.

IV.

{¶12} In his fourth assignment of error, Appellant argues the trial court erred in imposing court costs because he is indigent. At the sentencing hearing, Appellant argued he should not be ordered to pay court costs because he is disabled and receives Social Security, which he would not receive while in prison.

{¶13} Pursuant to R.C. 2947.23, the trial court is required to impose the costs of prosecution against all convicted defendants, regardless of whether the defendant is deemed indigent. However, the court has jurisdiction at sentencing or any time thereafter to waive, suspend, or modify payment of costs. R.C. 2947.23(C). "[A] trial court is not

required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so. *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶16.

**{¶14}** We find no error in the trial court's imposition of court costs.  Although Appellant will not receive his Social Security payments while in prison, presumably he will receive such payments after he is released from prison, and would then have the ability to pay costs.

**{¶15}**  The fourth assignment of error is overruled.

**{¶16}**  The judgment of the Muskingum County Common Pleas Court is affirmed.

By: Hoffman, J.
Baldwin, P.J.  and
Gwin, J. concurs in part; dissents in part

*Gwin, J., concurs in part; dissents in part*

{¶17} I concur in the majority's disposition of Appellant's Third and Fourth Assignments of Error.

{¶18} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's First and Second Assignments of Error for the reasons set forth in my dissenting opinion in *State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501.

{¶19} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table) The conflict cases are *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barne*s, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; and *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *See also, State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II*, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).