[Cite as *State v. Hunter*, 2022-Ohio-2377.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. William B. Hoffman, J. |
| -vs- | |
| | Case No. CT2020-0042 |
| TEDDIE HUNTER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Muskingum County
                              Court of Common Pleas, Case No.
                              CR2020-0089


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       July 8, 2022


APPEARANCES:


For Plaintiff-Appellee                For Defendant-Appellant

RONALD L. WELCH                       CHRIS BRIGDON
Prosecuting Attorney                  8138 Somerset Road
Muskingum County, Ohio                Thornville, Ohio 43076

TAYLOR P. BENNINGTON
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth Street
P.O. Box 189
Zanesville, Ohio 43701-0189

*Hoffman, J.*

**{¶1}** This case comes before this Court from the judgment entered by the Ohio Supreme Court on April 27, 2022, remanding this case for this Court to consider whether the challenged provisions of the Reagan Tokes Law are constitutional. Defendant-appellant is Teddie Hunter. Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On February 2, 2020, Muskingum County Sheriff's deputies were dispatched to 16 Gaslight Lane in Zanesville, Ohio. Upon arriving at the residence, Charles Perry and Laura Kronbitter, who resided at the home with their infant son, reported a naked man attempted to force himself into their home. Perry and Kronbitter told police the naked man said he was afraid because someone was trying to kill him. Perry stated the man tried to force his way into the home with a PVC pipe, and tried to hit Perry with the pipe by using the pipe as a spear. The man forced his foot inside the residence, preventing Perry from closing the door. While Kronbitter called the police, Perry managed to force the man outside.

**{¶3}** Police located a naked man, later identified as Appellant, at 15 Gaslight Lane. Appellant admitted to using methamphetamine, and methamphetamine was found in his system.

**{¶4}** Appellant was charged with one count of aggravated burglary with a repeat violent offender specification. Pursuant to a negotiated plea, the State amended the charge to one count of burglary, in exchange for Appellant's plea of guilty to the charge. Following a presentence investigation, Appellant was sentenced to eight to twelve years incarceration. Appellant appealed the judgment of conviction and sentence, assigning as error:

I. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

II. TEDDIE HUNTER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

III. THE TRIAL COURT ERRED WHEN IT SENTENCED HUNTER TO A MAXIMUM TERM OF INCARCERATION, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE OHIO CONSTITUTION.

IV. THE TRIAL COURT ERRED BY ORDERING HUNTER TO PAY COURT COSTS.

{¶5}    This Court found the issue of the constitutionality of the Reagan Tokes Law to be not yet ripe for review, and overruled Appellant's remaining assignments of error. *State v. Hunter,* 5th Dist. Muskingum No. CT2020-0042, 2021-Ohio-1424.  This case came before the Ohio Supreme Court. The Ohio Supreme Court reversed this Court's decision finding the issue of constitutionality not ripe for review, and remanded to this Court with instructions to issue a ruling on the constitutionality of the Reagan Tokes Law. *In re Cases Held for the Decision in State v. Maddox*, 2022-Ohio-1352.

I.

{¶6} In his first assignment of error, Appellant challenges the presumptive release feature of R.C. 2967.271, arguing it violates his constitutional rights to trial by jury and due process of law, and further violates the constitutional requirement of separation of powers.

{¶7} For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, 2020 WL 7054428, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, and Twelfth Districts, and also by the Eighth District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153, 2020 WL 4919694; *State v. Hacker*, 3rd Dist., 2020-Ohio-5048, 161 N.E.3d 112; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, 2020 WL 4279793; *State v. Delvallie*, 8th Dist., 2022-Ohio-470, 185 N.E.3d 536.

{¶8} The first assignment of error is overruled.

II.

{¶9} In his second assignment of error, Appellant argues his trial counsel was ineffective by failing to raise the constitutionality of R.C. 2967.271 in the trial court.

{¶10} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below

an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶11} Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court.

{¶12} The second assignment of error is overruled.

{¶13} The judgment of the Muskingum County Common Pleas Court is affirmed.


By: Hoffman, J.
Baldwin, P.J. and
Gwin, J. concur