**[Cite as *State v. Kelly*, 2022-Ohio-3628.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200013 |
| | | TRIAL NO. B-1904056 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| JAMES KELLY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Case Remanded

Date of Judgment Entry on Appeal: October 12, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Stagnaro Hannigan Koop, Co., LPA*, and *Michaela Stagnaro*, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant James Kelly appeals his convictions for conspiracy to commit murder and having a weapon while under a disability. We affirm the trial court's judgment in part, reverse it in part, and remand the case for further proceedings consistent with this opinion.

## I.     Facts and Procedure

**{¶2}** Kelly was indicted on one count of conspiracy to commit murder in violation of R.C. 2923.01(A)(1) and one count of having a weapon while under a disability in violation of R.C. 2923.13(A)(2). Kelly entered a guilty plea to the conspiracy count in exchange for the state's dismissal of the having-a-weapon-while-under-a-disability charge. The court continued the matter for a presentence investigation. Before his sentencing hearing, Kelly moved to strike the indefinite-sentencing provision of R.C. 2967.271 ("Regan Tokes Law").

**{¶3}** The trial court overruled Kelly's motion. The trial court accepted Kelly's plea, found him guilty, and, after a presentence investigation, sentenced him.

## II.     Law and Analysis

### A.     The Reagan Tokes Law is Facially Constitutional

**{¶4}** Kelly's first assignment of error argues that the trial court erred by overruling his motion to strike the indefinite-sentencing provision in the Reagan Tokes Law because it violates the separation-of-powers doctrine and the Due Process Clause of the Fourteenth Amendment and, therefore, it is unconstitutional.

**{¶5}** "The interpretation of the constitutionality of a statute presents a question of law." *In re Special Docket No. 73958*, 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444, ¶ 11. "Questions of law are reviewed de novo, independently

and without deference to the trial court's decision." *Id.*, quoting *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 112 (1st Dist.).

**{¶6}** Kelly did not specify whether he was raising a facial or an as-applied constitutional challenge. But at this stage, only a facial challenge would be ripe for review because Kelly had not been subject to the provisions of the Reagan Tokes Law when he filed his notice of appeal. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 10.

**{¶7}** This court determined that the Reagan Tokes Law was facially constitutional in *Guyton*. Accordingly, we overrule Kelly's first assignment of error.

### B. Trial Court failed to Provide R.C. 2967.217(B) Notifications

**{¶8}** Kelly's second assignment of error argues that the trial court erred as a matter of law by failing to properly inform him of the R.C. 2967.271(B)(2)(c) notifications at the sentencing hearing. These notifications involve details about the indefinite-sentencing scheme contained in the Reagan Tokes Law. R.C. 2929.19(B)(2)(c).

**{¶9}** A trial court must advise a defendant of all five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing. *State v. Jackson*, 1st Dist. Hamilton No. C-200332, 2022-Ohio-3449, ¶ 20. The failure to advise the defendant of any of the five notifications constitutes error and a remand is necessary for the limited purpose of permitting the sentencing court to provide the mandatory notifications. *Id.*

**{¶10}** The trial court failed to notify Kelly that at a hearing to determine whether an incarcerated person's sentence could be extended beyond the presumptive minimum, the Ohio Department of Rehabilitation and Correction ("DRC") must make specific determinations involving the incarcerated person's conduct while confined,

rehabilitation, threat to society, restrictive housing, and security classification. R.C. 2929.19(B)(2)(c)(ii). Instead, the trial court summed up these items as "bad conduct." The state concedes that this constitutes error.

**{¶11}** We sustain Kelly's second assignment of error and remand this case for the trial court to provide the R.C. 2929.19(B)(2)(c) notifications.

### C. Ineffective Assistance of Counsel

**{¶12}** Kelly's third assignment of error argues that he was denied the effective assistance of counsel. He asserts that his trial counsel was ineffective for failing to file a motion to rebut the presumption that Kelly would be required to register in the violent-offender database because he was not the principal offender. Kelly contends that, because there was an uncharged coconspirator, this uncharged coconspirator could have been the principal. Moreover, that the trial court stated that Kelly had "got[ten] beyond" his prior record suggests that the issue should have been raised.

**{¶13}** In an ineffective-assistance-of-counsel claim, an appellant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense, thereby depriving appellant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *State v. Madrigal,* 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000).

**{¶14}** It is not enough for counsel to have erred or been incompetent; instead, the defendant must show that, but for that incompetence, "there is a reasonable probability that * * * the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 694.

{¶15} R.C. 2903.41 ("Sierah's Law") requires offenders who are convicted of specified offenses to enroll in the violent-offender database. *State v. Tupuola*, 5th Dist. Muskingum No. CT2020-0056, 2021-Ohio-2577, ¶ 36. Sierah's Law creates a presumption that violent offenders enroll in the database. *Id.* Violent offenders enroll for a minimum of ten years and must re-enroll on an annual basis. *Id.*

{¶16} Under R.C. 2903.42(A)(2)(a), a motion to rebut the presumption that a defendant would be required to enroll in the violent-offender database must be filed before, or at the time of, sentencing. Kelly was required to assert that he was not the principal offender in the commission of the conspiracy to commit murder and request that the court refrain from requiring him to enroll in the violent-offender database. *State v. Hall*, 2d Dist. Montgomery No. 28882, 2021-Ohio-1894, ¶ 28; *State v. Williams*, 2d Dist. Montgomery No. 28648, 2021-Ohio-1340. ¶ 12, 129. Kelly would have had to prove that he was not the principal offender by a preponderance of the evidence. *Id.* No such motion was filed or orally raised.

{¶17} A defendant who pleads guilty waives all appealable issues, including the right to assert an ineffective-assistance-of-counsel claim, except that the defendant may claim ineffective assistance of counsel on the basis that the counsel's deficient performance caused the plea to be less than knowing, intelligent, and voluntary. *State v. Miller*, 5th Dist. Stark No. 2019CA00046, 2019-Ohio-4275, ¶ 13. In such cases, a defendant can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. (Citations omitted.) *Id.*

{¶18} Kelly pled guilty. Therefore, Kelly waived this issue because he does not argue on appeal that counsel's performance caused his plea to be less than knowing, voluntary, or intelligent.

{¶19} Moreover, we have insufficient facts in the record to evaluate whether there was a coconspirator who could be the principal offender. *See Tupuola*, 5th Dist. Muskingum No. 2020-0056, 2021-Ohio-2577, at ¶ 52. As Kelly was the sole person charged in the indictment, and the sole person convicted of conspiracy to commit murder, we cannot conclude that a challenge to the violent-offender database registration requirement would have been successful.

{¶20} This argument would be more appropriate for a postconviction petition. We overrule Kelly's third assignment of error.

### III.   Conclusion

{¶21} We remand this matter for the limited purpose of permitting the sentencing court to provide the mandatory notifications as required by R.C. 2929.19(B)(2)(c). In all other respects, we affirm the trial court's judgment.

Judgment affirmed in part, reversed in part, and case remanded.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.