[Cite as *State v. Searight*, 2023-Ohio-3584.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230060 |
| | | TRIAL NO. B-2102119 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| | : | |
| vs. | | |
| | : | |
| | | |
| JARRIEL SEARIGHT, | : | |
| | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal: October 4, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}     Following pleas of no contest to felony charges of fentanyl trafficking and possession, the trial court sentenced defendant-appellant Jarriel Searight to an aggregate sentence of 3 to 4 1/2 years in prison under Ohio's Reagan Tokes Law ("RTL").  Mr. Searight now appeals his sentence, arguing that the trial court failed to provide the proper RTL notifications at his sentencing hearing.  The state concedes this point, and we agree.  Mr. Searight also challenges the RTL's constitutionality, but, in this respect, he essentially recycles arguments already rejected by this court and the Supreme Court of Ohio while failing to develop a unique argument under the Ohio Constitution.  Therefore, we uphold the substance of his pleas and sentence, but we remand solely for proper sentencing notifications under R.C. 2929.19(B)(2)(c).  Apart from the discrete matter remanded, we otherwise affirm the trial court's judgment.

I.

{¶2}     In April 2021, Cincinnati police officers pulled Mr. Searight over for an open traffic capias.  After smelling marijuana and observing "shake," a small amount of marijuana ash and dust, on the back seat of his car, the officers removed Mr. Searight and searched the vehicle.  They located white powders, later identified as fentanyl and fluorofentantyl, and several scales.  Prosecutors indicted him on two counts of fentanyl trafficking and two counts of fentanyl possession, all second-degree felonies.

{¶3}     At a change of plea hearing in October 2022, Mr. Searight entered no contest pleas to all four charges.  Because each charge represented a second-degree felony not eligible for a life sentence, the RTL's indefinite sentencing scheme applied.  Prior to accepting his pleas, the trial court informed Mr. Searight that it could sentence

2

him to prison for a minimum of 2 years to a maximum of 8 years on each count. The court explained that his sentence would be indefinite, and that prison administrators could increase his time in prison by up to 50 percent based on his conduct in prison. Mr. Searight signed a plea form further elaborating upon this sentencing structure created by the RTL, including the presumption of release at the end of his minimum term and the conditions under which prison administrators could extend his sentence.

{¶4} Three months later, the trial court sentenced Mr. Searight to two prison terms of 3 to 4 1/2 years each, run concurrently, after merging the possession counts into the trafficking counts. At the January 2023 sentencing hearing, the trial court explained that the RTL applied but skimmed over the details. The court explained, "Mr. Searight, your sentence is three years but you're subject to an additional one-and-a-half, not at my discretion but at the discretion of your institution or the Department of Corrections," and wrapped up the hearing.

{¶5} Mr. Searight now claims error in the trial court's failure to apprise him of the RTL sentencing hearing notifications required under R.C. 2929.19(B)(2)(c). He also challenges the RTL's constitutionality, alleging violations of due process, the right to trial by jury, and separation of powers under both the federal and state constitutions.

## II.

{¶6} Mr. Searight's first assignment of error strikes at the sentencing court's abbreviated summary of the RTL's sentencing framework. He maintains, and the state concedes, that the trial court failed to apprise him of the RTL sentencing hearing notifications required under R.C. 2929.19(B)(2)(c). "When sentencing an offender to a nonlife felony indefinite prison term under the Reagan Tokes Law, a trial court must

3

advise the offender of the five notifications set forth in R.C. 2929.19(B)(2)(c)(i)-(v) at the sentencing hearing to fulfill the requirements of the statute." *State v. Jackson*, 1st Dist. Hamilton No. C-200332, 2022-Ohio-3449, ¶ 20, citing *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 43. The required notifications include descriptions of the RTL's central mechanism for extending a prisoner's sentence: the prisoner's presumption of release, the prison administration's ability to rebut the presumption, and the conditions and consequences of rebuttal. R.C. 2929.19(B)(2)(c)(i)-(v). Although the language of Mr. Searight's assignment of error suggests that the trial court's sentencing discourse rendered the pleas not knowing, intelligent, and voluntary, the substance of his argument and his request for proper notifications on remand stick to the sentence, not the pleas. Likewise, our review considers only how the failure to deliver the notifications affects his sentence, as we see no infirmity with the plea colloquy.

{¶7} The statute's command regarding the RTL notifications is clear: "if the sentencing court determines *at the sentencing hearing* that a prison term is necessary or required, the court *shall* do all of the following: * * * [i]f the prison term is a non-life felony indefinite prison term, notify the offender of all of the [R.C. 2929.19(B)(2)(c) notifications]." (Emphasis added.) R.C. 2929.19(B)(2) and (B)(2)(c). In several recent decisions, this court has consistently "interpret[ed] this language as a mandatory directive." *State v. Greene*, 1st Dist. Hamilton No. C-220160, 2022-Ohio-4536, ¶ 6; *see Jackson* at ¶ 20; *State v. Kelly*, 1st Dist. Hamilton No. C-200013, 2022-Ohio-3628, ¶ 9 ("A trial court must advise a defendant of all five notifications set forth in R.C. 2929.19(B)(2)(c) at the sentencing hearing."). Further, we have held that a trial court's failure to advise the defendant of the notifications

4

during the sentencing hearing is not cured by inclusion of the R.C. 2929.19(B)(2)(c) provisions in a plea entry signed by the defendant. *Greene* at ¶ 3, 11.

{¶8} Here, like in *Greene*, the plea entry's description of the RTL does not suffice. *Id.* Similarly, the trial court's discussion of the RTL's sentencing system at the October 2022 plea hearing does not satisfy the statutory requirement that the trial court deliver the notifications "at the sentencing hearing." R.C. 2929.19(B)(2); *see Greene* at ¶ 9; *Jackson* at ¶ 20; *Kelly* at ¶ 9. Mr. Searight's sentencing hearing took place three months later, in January 2023, and the extent of the sentencing court's description of the RTL at that hearing fell short of what the legislature directs in R.C. 2929.19(B)(2)(c). In accordance with our prior decisions and authority from other districts, remand for proper notification is required. *Greene* at ¶ 10 (requiring remand and collecting similar decisions from other districts).

{¶9} We sustain Mr. Searight's first assignment of error only insofar as it challenges the trial court's failure to notify Mr. Searight of the RTL provisions required under R.C. 2929.19(B)(2)(c). Consistent with *Greene*, *Jackson*, and *Kelly*, we remand solely for the trial court to complete the proper notifications. In all other respects, including the length and nature of Mr. Searight's sentence and the validity of his pleas, we overrule the first assignment of error and affirm the trial court's judgment.

III.

{¶10} Mr. Searight next challenges the constitutionality of the RTL, assigning error on issues of due process (second assignment), trial by jury (third), and separation of powers (fourth). For each assignment, he raises arguments under, or at least references, both the federal and state constitutions. Ultimately, however, his

5

arguments break no new ground, attempting only to revive arguments already rejected by this court and the Supreme Court of Ohio.

**{¶11}** Mr. Searight first maintains that R.C. 2967.271, the RTL's core sentencing provision, on its face deprives criminal defendants of liberty without protections guaranteed by the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution. The Supreme Court of Ohio recently upheld the RTL against a due process attack, concluding that the law was not void for vagueness and "is not facially unconstitutional because it provides that offenders receive a hearing before they may be deprived of their liberty interest." *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, ¶ 40. However, the court "confine[d] [its] discussion" in *Hacker* to the federal Due Process Clause because the appellants there did not separately raise a challenge under Article I, Section 16 of the Ohio Constitution (Ohio's Due Course of Law Clause). *Id.* at ¶ 29, fn. 3. Nevertheless, prior to the court's decision in *Hacker*, this court rejected substantive and procedural due process arguments against the RTL under both the federal Due Process Clause and Ohio's Due Course of Law Clause, treating them as "equivalent in the protections they afford" under those circumstances. *State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 29, *appeal allowed*, 168 Ohio St.3d 1418, 2022-Ohio-3752, 196 N.E.3d 850, citing *Stolz v. J & B Steel Erectors, Inc.*, 155 Ohio St.3d 567, 2018-Ohio-5088, 122 N.E.3d 1228, ¶ 12.

**{¶12}** Here, by citing to Article I, Section 10 of the Ohio Constitution instead of Section 16's Due Course of Law Clause, Mr. Searight perhaps hints at a different approach. Section 10 covers Ohio criminal defendants' right to confront witnesses, to a speedy and public trial, and to the privilege against self-incrimination, among other

protections. Ohio Constitution, Article I, Section 10. However, because he fails to explain how or why Section 10 would provide due process protections beyond those afforded to him by the federal Due Process Clause or by Ohio's Due Course of Law Clause, we decline to ponder these questions.

{¶13} Mr. Searight next faults the RTL as a violation of the right to trial by jury under the federal Sixth and Fourteenth Amendments and Article I, Section 5 of the Ohio Constitution. Not so, under *Hacker* and this court's precedent. Although the Supreme Court of Ohio rejected a jury trial right argument against the RTL without distinguishing between the federal Sixth Amendment's and the Ohio Constitution's jury trial right, this court disposed of an argument citing both provisions. *See Hacker* at ¶ 28; *State v. Smith*, 1st Dist. Hamilton No. C-210449, 2022-Ohio-3629, ¶ 8, 13. Finally, the Ohio Supreme Court turned down separation of powers arguments akin to those raised by Mr. Searight under both the U.S. Constitution and the Ohio Constitution. *Hacker* at ¶ 25. Without a federal or state constitutional leg to stand on, Mr. Searight's due process, jury trial, and separation of powers arguments against the RTL collapse. We therefore overrule his second, third, and fourth assignments of error.

\*    \*    \*

{¶14} Ultimately, we reverse the trial court's judgment in part and remand this cause for the limited purpose of informing Mr. Searight of the Reagan Tokes Law sentencing notifications required under R.C. 2929.19(B)(2)(c), sustaining in part and overruling in part his first assignment of error. We overrule his second, third, and fourth assignments of error and affirm the trial court's judgment in all other respects.

7

Judgment affirmed in part, reversed in part, and cause remanded.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.