[Cite as *State v. Barnes*, 2025-Ohio-5811.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 25CA012242 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER BARNES | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 24CR111760 |

DECISION AND JOURNAL ENTRY

Dated: December 30, 2025

SUTTON, Judge.

{¶1} Defendant-Appellant Christopher Barnes appeals the judgment of the Lorain County Court of Common Pleas. For the reasons that follow, this Court reverses and remands this matter to the trial court for the limited purpose of providing the mandatory notifications pursuant to R.C. 2929.19(B)(2)(c).

I.

**Relevant Background Information**

{¶2} The Lorain County Grand Jury indicted Mr. Barnes on one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree, together with a repeat violent offender specification, pursuant to R.C. 2941.149(A). Mr. Barnes pleaded guilty to the indictment and the matter proceeded to sentencing. The trial court sentenced Mr. Barnes to an indefinite term of incarceration of five years to a maximum term of seven and one-half years.

{¶3} Mr. Barnes has appealed, raising one assignment of error for our consideration.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED TO [MR. BARNES'S] PREJUDICE BY FAILING TO ADVISE HIM AT SENTENCING OF THE NOTIFICATIONS REQUIRED BY R.C. 2929.19(B)(2)(c).**

{¶4}    Mr. Barnes argues in his sole assignment of error the trial court erred by failing to advise him of the notifications required by R.C. 2929.19(B)(2)(c).  Mr. Barnes seeks to have his sentence reversed and asks this Court to remand the matter for resentencing.  The State argues the trial court properly advised Mr. Barnes, but if the trial court erred, the remedy would not be to vacate Mr. Barnes's sentence, but to remand the matter to the trial court for the sole purpose of providing the required notifications.

{¶5}    R.C. 2929.19 governs sentencing hearings for felonies and provides in relevant part:

(B)(2) Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall* do all of the following:

. . .

(c) If the prison term is a non-life felony indefinite prison term, notify the offender of all of the following:

(i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

(ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

(Emphasis added.)

{¶6} In this case, the trial court stated at the February 6, 2025 sentencing hearing:

There's a presumption of your release at the end of the minimum term, but that presumption can be rebutted by the Ohio Department of Rehabilitation and Corrections of you fail to follow prison rules. Your incarceration can be extended if that presumption is rebutted, and the presumption may be rebutted more than one time. But, nonetheless, you must be released upon the expiration of the maximum terms of your sentence.

Mr. Barnes argues this is not sufficient to satisfy the requirements of R.C. 2929.19(B)(2)(c). Mr. Barnes specifically argues the trial court's advisement at his sentencing hearing that he may be subject to a longer prison term if he failed to "follow prison rules" is insufficient to advise him "[t]hat the department of rehabilitation and correction may rebut the presumption" of Mr. Barnes's release at the end of his minimum term if the "department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification."

{¶7} The trial court is not required to use the precise wording of the statute, but it must convey the information required by these notice provisions. *State v. Bradley*, 2022-Ohio-1666, ¶

25 (8th Dist.). In *State v. Kelly*, 2022-Ohio-3628, ¶ 10 (1st Dist.), the trial court notified the defendant his sentence could be extended due to "bad conduct." The State of Ohio conceded error and the appellate court agreed. *Id.* at ¶ 10-11. Here, the trial court notified Mr. Barnes he could be subject to a longer prison term if he failed to "follow prison rules." Like the notification given in *Kelly*, this is insufficient to meet the requirements of R.C. 2929.19(B)(2)(c). The State argues even if the oral notifications given by the trial court were insufficient, the "Judgment Entry of Conviction and Sentence" set forth the notifications required by R.C. 2929.19(B)(2)(c) verbatim and provided Mr. Barnes with the necessary notice. However, this entry was not filed until March 10, 2025, more than a month after the sentencing hearing. R.C. 2929.19 is titled, "Sentencing Hearing," and R.C. 2929.19(A) provides in part: "[t]he court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony[,]" and then sets forth what the trial court must do at the sentencing hearing. The statute's use of the term "shall" makes the mandatory nature of the notifications clear. Therefore, this Court concludes that the notifications must be provided to the defendant at the sentencing hearing itself.

{¶8} When trial courts have failed to provide the notifications required by R.C. 2929.19(B)(2)(c), Ohio appellate courts have remanded the cases for the limited purpose of providing the required notifications. *See, e.g., Kelly* at ¶ 11; *State v. Searight*, 2023-Ohio-3584, ¶ 9 (1st Dist.); *State v. Pope,* 2022-Ohio-426, ¶ 23 (12th Dist.); and *State v. Guzman,* 2022-Ohio-2414, ¶ 10 (8th Dist.). We agree with this approach and remand the matter solely for the purpose of the trial court providing Mr. Barnes with the required notifications pursuant to R.C. 2929.19(B)(2)(c). As stated by the court in *Pope* at ¶ 23, "we emphasize that our reversal and remand are only for the purpose of complying with the foregoing statute and in no way affect the

validity of the underlying conviction or any other aspect of the sentence imposed by the trial court. In other words, [the defendant] is not entitled to be sentenced anew and the matter is remanded to the trial court for the sole and limited purpose of providing the mandatory notifications of R.C. 2929.19(B)(2)(c)."

{¶9} Mr. Barnes's sole assignment of error is sustained.

### III.

{¶10} For the forgoing reasons, Mr. Barnes's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and remanded for further proceedings consistent with this decision.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

6

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, P. J.
DISSENTING.

{¶11}   I respectfully dissent as I do not think that a limited remand for a new sentencing hearing is necessary given that there is nothing suggesting that Barnes suffered prejudice.  There is no dispute that the sentencing entry provided the necessary notice by setting forth the notifications required by R.C. 2929.19(B)(2)(c) verbatim.  Moreover, unlike the scenario the First District confronted in *Kelly*, this case does not involve a situation where the State has conceded that a new sentencing hearing is necessary.  *See State v. Kelly*, 2022-Ohio-3628, ¶ 10 (1st Dist.). Given that Barnes received the sum and substance of the notifications required by R.C. 2929.19(B)(2)(c) at the original sentencing hearing, I would decline to remand this matter solely for the purpose of requiring the trial court to give a more precise recitation of the notifications at a second hearing, absent a demonstration that Barnes was prejudiced.

APPEARANCES:

WILLIAM C. LIVINGSTON, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.