[Cite as *State v. Smith*, 2022-Ohio-3629.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210449 |
| | | TRIAL NO. B-2100060 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SHERRY SMITH, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 12, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela J. Glaser*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}    Defendant-appellant Sherry Smith appeals from the trial court's judgment convicting her, upon no-contest pleas, of aggravated vehicular homicide and aggravated vehicular assault.  In this appeal she challenges the indefinite sentence imposed by the trial court for the offense of aggravated vehicular homicide, arguing in four assignments of error that the indefinite sentencing provisions of the Reagan Tokes Law, enacted through 2018 Am.Sub.S.B. 201, are unconstitutional and that her constitutional challenges are ripe for review.  Finding that Smith's constitutional challenges to the Reagan Tokes Law are ripe for review but are without merit, we affirm the trial court's judgment.

*Factual and Procedural Background*

{¶2}    Smith entered no contest pleas to (1) aggravated vehicular homicide, a second-degree-felony offense in violation of R.C. 2903.06(A)(1)(a), (2) aggravated vehicular homicide, a third-degree-felony offense in violation of R.C. 2903.06(A)(2)(a), (3) aggravated vehicular assault, a third-degree-felony offense in violation of R.C. 2903.08(A)(1)(a), and (4) vehicular assault, a fourth-degree-felony offense in violation of R.C. 2903.08(A)(2)(b).  The offenses occurred on or about December 24, 2020, subjecting Smith to the indefinite sentencing provisions of the Reagan Tokes Law, effective March 22, 2019.

{¶3}    Smith filed a motion to strike the indefinite sentencing provisions of the Reagan Tokes Law, arguing that the law was unconstitutional because it violated the separation-of-powers doctrine and deprived an offender of adequate procedural due process.  The trial court rejected Smith's constitutional challenges.

**{¶4}** At sentencing, the trial court merged the two counts of aggravated vehicular homicide as well as the two vehicular-assault counts. For the second-degree-felony offense of aggravated vehicular homicide, the court imposed an indefinite sentence of a minimum term of five years in prison and a maximum term of seven and a half years in prison. For the third-degree-felony offense of aggravated vehicular assault, the court imposed a sentence of two years in prison. These sentences were made consecutive, resulting in an aggregate sentence of seven years to nine and a half years of imprisonment.

### *Constitutional Challenges are Ripe for Review*

**{¶5}** Smith argues in her first assignment of error that constitutional challenges to the Reagan Tokes Law are ripe for review. We agree. In *State v. Maddox*, Slip Opinion No. 2022-Ohio-764, ¶ 11, the Supreme Court of Ohio held that challenges to the constitutionality of the Reagan Tokes Law were ripe for review on direct appeal. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 10. We sustain Smith's first assignment of error and consider her remaining three assignments of error facially challenging the constitutionality of the Reagan Tokes Law.

### *Due Process and Separation of Powers*

**{¶6}** In her second assignment of error, Smith argues that the Reagan Tokes Law violates her due-process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution. And in her fourth assignment of error, she argues that the Reagan Tokes Law violates the separation-of-powers doctrine.

**{¶7}** This court addressed similar challenges to the Reagan Tokes Law in *Guyton*. In *Guyton*, we determined that the Reagan Tokes Law did not violate substantive- and procedural-due-process rights or the separation-of-powers doctrine. *Id*. at ¶ 28, 37 and 57. On the authority of *Guyton*, we overrule Smith's second and fourth assignments of error.

### *Right to Trial by Jury*

**{¶8}** In her third assignment of error, Smith argues that the Reagan Tokes Law violates her right to a trial by jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 5 of the Ohio Constitution.

**{¶9}** Smith directs us to the provision in the Reagan Tokes Law that allows the Ohio Department of Rehabilitation and Correction ("ODRC") to hold an individual beyond her or his presumptive release date if any of the following occur:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

R.C. 2967.271(C)(1), (2), and (3).

**{¶10}** She contends that the Reagan Tokes Law violates her right to a trial by jury because it permits the ODRC, when determining whether to hold an individual beyond the presumptive release date, to engage in fact-finding endeavors that are intended to be addressed by a jury, specifically by requiring the ODRC to present facts demonstrating that the criteria in R.C. 2967.271(C)(1),(2), or (3) have been met. Smith argues that this provision in the Reagan Tokes Law is contrary to the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

**{¶11}** Several of our sister districts have considered and rejected similar constitutional challenges. In *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010,

5

2021-Ohio-3282, the court noted that the sentencing scheme in the Reagan Tokes Law is unlike that involved in *Apprendi*. It explained that:

> Under the Reagan Tokes Law, the trial court imposes both a minimum and a maximum term, and the indefinite prison sentence must be included in the final entry of conviction. R.C. 2929.14 and 2929.144. The only sentencing discretion provided to the trial court lies with the length of the minimum term under R.C. 2929.14(A)(1)(a) and (A)(2)(a); the maximum term is determined based upon a mathematical formula as applied to the minimum term of imprisonment. The maximum prison term component of a Reagan Tokes indefinite sentence is therefore authorized by the jury's guilty verdict and is not based upon factors not submitted to the jury. The defendant is not exposed to greater punishment than that authorized by the jury's verdict.
>
> Once imposed by the trial court, the indefinite sentence is then implemented by ODRC. ODRC simply enforces the sentence imposed by the trial court and its review is limited to determining the offender's release date. R.C. 2967.271 establishes a presumptive release date upon completion of the minimum term. Once the minimum term is served, ODRC may rebut the presumption of release under certain conditions and enforce the remainder of the maximum term already imposed by the trial court. R.C. 2967.271(B). However, "[t]hat codified process does not alter the fact that the trial court imposed a maximum term as calculated under R.C. 2929.144." *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, ¶ 35. In rebutting the presumption of

6

release, ODRC "is not extending the defendant's prison term or imposing its own sentence for violations that occur while the offender is serving the imposed term of imprisonment." *Id*. at ¶ 7. In other words, ODRC does not "increase" a penalty based upon facts not found by a jury but merely administers the sentence already imposed by the trial court for conviction of an offense for which the offender has the right to a jury trial.

*Id*. at ¶ 17-18. Applying this reasoning, the court held that the Reagan Tokes Law did not violate the right to a trial by jury. *Id*. at ¶ 20.

{¶12} The Eighth District reached the same conclusion in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). The *Delvallie* court held that the Reagan Tokes Law did not violate the right to a trial by jury or run afoul of *Apprendi* because:

[T]he trial court must impose a minimum and a maximum indefinite term under R.C. 2929.14 and 2929.144. The only discretion lies with the length of the minimum term, and therefore, the trial court is not imposing a sentence "in excess of the maximum" term as expressly prohibited under *Apprendi*. And the trial court is also not imposing a sentence beyond the minimum term prescribed by statute based on any findings of facts.

*Id*. at ¶ 44.

{¶13} We agree with the reasoning employed in *Rogers* and *Delvallie* and similarly hold that because the Reagan Tokes Law does not permit the ODRC to increase a penalty based upon facts not found by a jury, it does not violate an offender's right to a trial by jury. *See State v. Thompson,* 2d Dist. Clark No. 2020-CA-60, 2021-

7

Ohio-4027, ¶ 24-25; *State v. Drennen*, 4th Dist. Gallia No. 21CA10, 2022-Ohio-3413,

¶ 25; *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542,

¶ 6; *State v. Bothuel*, 6th Dist. Lucas No. L-20-1053, 2022-Ohio-2606, ¶ 23; *State v.*

*Reffitt*, 11th Dist. Lake No. 2021-L-129, 2022-Ohio-3371, ¶ 57.

{¶14} Smith's third assignment of error is accordingly overruled.

### *Conclusion*

{¶15} While Smith's facial constitutional challenges to the Reagan Tokes Law

are ripe for review, they are without merit. The Reagan Tokes Law does not violate

the separation-of-powers doctrine, an offender's due-process rights, or an offender's

right to a jury trial. Having overruled Smith's challenges to the Reagan Tokes Law, we

affirm the trial court's judgment.

Judgment affirmed.

**WINKLER** and **BOCK, JJ,** concur.

Please note:
    The court has recorded its own entry on the date of the release of this opinion.