[Cite as *State v. Dixon*, 2022-Ohio-3654.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210502 |
| | | TRIAL NO. B-2101203 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DERAUN DIXON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 14, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Derek W. Gustafuson,* for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Deraun Dixon appeals his sentences, arguing that the indefinite-sentencing scheme under R.C. 2967.271 ("Reagan Tokes Law") is unconstitutional and he received ineffective assistance of counsel where counsel failed to challenge the constitutionality of the Reagan Tokes Law. Because the Reagan Tokes Law is facially constitutional, we affirm the trial court's judgment.

## I.     Facts and Procedure

**{¶2}** Dixon pled guilty to one count of felonious assault in violation of R.C. 2903.11(A)(2), with a firearm specification. The parties agreed to a recommended indefinite sentence under the Reagan Tokes Law. The trial court imposed the agreed sentence. Dixon now appeals.

## II.     Law and Analysis

<u>This Court Has Determined that the Reagan Tokes Law is Facially Constitutional</u>

**{¶3}** The failure to raise a constitutional issue at the trial level acts as a waiver of such issue and a deviation from Ohio's orderly procedure, and therefore it need not be heard for the first time on appeal. *In re D.L.*, 1st Dist. Hamilton Nos. C-170152, C-170153 and C-170154, 2018-Ohio-2161. But an appellate court may, in its discretion, review a statute's constitutionality for plain error. *Id.*; *see State v. Pleatman*, 1st Dist. Hamilton No. C-160234, 2016-Ohio-7659, ¶ 19.

**{¶4}** A "plain error" is both obvious and prejudicial, and, if permitted, would have a materially adverse effect on the character and public confidence in judicial proceedings. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 (1982).

**{¶5}** Dixon did not specify whether he was raising a facial or an as-applied

constitutional challenge to the Reagan Tokes Law. But at this stage, only a facial challenge would be ripe for review because Dixon had not been subject to the provisions of the Reagan Tokes Law when he filed his notice of appeal. *See State v. Guyton*, 1st Dist. Hamilton No. C-190657, 2022-Ohio-2962, ¶ 10.

**{¶6}** This court determined that the Reagan Tokes Law was facially constitutional and not violative of the separation-of-powers doctrine or an inmate's procedural-due-process rights in *Guyton*. This court has further held that the law does not violate an inmate's right to a jury trial. *See State v. Smith*, 1st Dist. Hamilton No. C-210449, 2022-Ohio-3629, ¶ 10-13. Accordingly, we overrule Dixon's first assignment of error.

Ineffective Assistance of Counsel

**{¶7}** Dixon's second assignment of error asserts that his trial counsel was ineffective for failing to raise the constitutionality of the Reagan Tokes Law. Based on our holding that the Reagan Tokes Law is facially constitutional, any alleged error by counsel was not prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Dixon's second assignment of error is overruled.

## III.   Conclusion

**{¶8}** The Reagan Tokes Law is facially constitutional and Dixon received the effective assistance of counsel. Therefore, we affirm the trial court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.